UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY KRAMPITZ, | Civil No. 09-559 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAIN TOWER ANDERSON, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which if true, would entitle the plaintiff to some legal recourse against

the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's current pleading is nearly incomprehensible. It appears that Plaintiff has suffered some personal injury, and that he may be dissatisfied with some judicial ruling in some other case. However, it is impossible to discern anything else about the basis or objective of Plaintiff's pleading. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint clearly fails to state any claim on which relief may be granted. The obvious deficiencies in the complaint include at least the following:

(1) The complaint does not suggest any legal basis for Plaintiff's claims.

(2) There is nothing in the complaint that would suggest that the Court has subject matter jurisdiction in this action.

(3) The complaint does not describe any act or omission by the named Defendant that could give rise to any legal liability under any legal theory. (In fact, Defendant is never even mentioned in the body of the complaint.)

(4) The complaint does not adequately describe the nature of the relief that Plaintiff is seeking, or why such relief would be appropriate.

Because Plaintiff has not pleaded sufficient allegations to state any cause of action on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2. The action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 19, 2009

                                        s/ *Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 7, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.